**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1107
_____

PANKAJ HARIBHA AGRAWAL,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A030-897-334)
Immigration Judge:  Honorable Walter Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 13, 2013
Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: September 16, 2013)
_____

OPINION
_____

PER CURIAM

        Pankaj Haribha Agrawal petitions for review of the Board of Immigration

Appeals' ("BIA" or "Board") dismissal of his appeal.  For the following reasons, we will

deny the petition for review.

Agrawal, a citizen of India, was admitted into the United States as a lawful permanent resident in 1974. In 2009, in the District of New Jersey, Agrawal was convicted of distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1), and money laundering, in violation of 18 U.S.C. § 1957. In April 2010, Agrawal was served with a Notice to Appear charging him with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) on the basis of an aggravated felony conviction for trafficking in a controlled substance. At a hearing before the Immigration Judge ("IJ"), Agrawal conceded that he was removable as charged, and the IJ ordered him removed to India. At that time, Agrawal had not applied for any form of relief. He waived his appeal to the BIA.

Approximately two years later, in September 2012, Agrawal filed a motion to reopen, asserting (1) that he was denied a fundamentally fair hearing when the IJ failed to inform him of all available relief, and (2) that he was persecuted in the past and had a fear of future persecution if returned to India. He attached to his motion an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ denied his motion, concluding that Agrawal was ineligible for discretionary relief, asylum, and withholding of removal because of his aggravated felony drug trafficking conviction. The IJ also concluded that while Agrawal could pursue deferral of removal under the CAT, he had never informed the IJ that he was persecuted in the past or feared torture in the future.

Agrawal appealed the denial of his motion to reopen to the BIA. The BIA dismissed his appeal, noting that Agrawal's motion to reopen was untimely, and that he

2

did not allege that the motion was eligible for a timeliness exception based on "changed country conditions" in India since the date of his hearing before the IJ. See 8 C.F.R. § 1003.23(b)(4)(i). The BIA further concluded that "an intervention of the [IJ's] or [the BIA's] sua sponte authority to reopen the proceedings" was not warranted. A.R. 2. This petition for review followed.

Generally, we lack jurisdiction to review a final order of removal against an alien, like Agrawal, who is removable for having been convicted of certain criminal offenses. 8 U.S.C. § 1252(a)(2)(C). We also lack jurisdiction to review the IJ's or Board's unfettered discretion to reopen proceedings sua sponte under 8 C.F.R. § 1003.2(a). Cruz v. Att'y Gen., 452 F.3d 240, 249 (3d Cir. 2006). We retain jurisdiction, however, to review any constitutional or legal questions raised in Agrawal's petition for review. See 8 U.S.C. § 1252(a)(2)(D).

Agrawal's sole argument regarding the timeliness of his motion to reopen is this: "[T]he BIA [sic] contention that he must file his motion to reopen with 90 days from the date he was ordered deported is righ [sic] in a way, but flatly wrong under the present situation." Petitioner's Brief at 2. Agrawal seems to suggest that the IJ's failure to inform him of relief for which he might be eligible creates an exception to the timeliness requirements, but Agrawal does not cite any authority for this suggestion, and we are aware of none. The BIA did not abuse its discretion in finding the motion to reopen

3

untimely.[1]   Because we lack jurisdiction to consider whether the IJ and BIA properly

decided not to exercise their authority to reopen sua sponte, we cannot reach the other

issues Agrawal raises.

For the foregoing reasons, we will deny the petition for review.

---

[1] In his reply brief, Agrawal also argues that he should not be faulted with his late filing, because he did not learn that persecution of interfaith married couples "have completely worsen" since the time of his initial hearing.  Reply Brief at 4.  But he did not argue before the IJ or BIA that conditions in India had worsened since the time of his initial hearing; in fact, he argued that after he was ordered deported, he contacted a friend who told him that the conditions that were "the main reason for his fleeing India 35 years ago [are] still prevalent today."  A.R. 57.  We thus lack jurisdiction to consider the argument. 8 U.S.C. § 1252(d)(1); Sandie v. Att'y Gen., 562 F.3d 246, 250 n.1 (3d Cir. 2009).